1  DANIEL G. BOGDEN
   United States Attorney
2  CRISTINA D. SILVA
   Assistant United States Attorney
3  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
4  (702) 388-6336/Fax: (702) 388-6418

```
                    FILED

               ┌──────────────┐
               │  APR 02 2014 │
               └──────────────┘

          CLERK, U.S. DISTRICT COURT
             DISTRICT OF NEVADA
       BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                  Plaintiff,

    vs.

MITCHELL GARSHOFSKY,
                  Defendant.

CASE NO: 2:14-CR-CC97-JAD-PAL

PLEA AGREEMENT UNDER
FED. R. CRIM. P. 11 (c)(1)(A) and (B)

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States

Attorney, Cristina D. Silva, Assistant United States Attorney, the Defendant MITCHELL

GARSHOFSKY, and the Defendant's attorney, Richard Wright, Esq., submit this Plea Agreement

under Fed. R. Crim. P. 11(c)(1)(A) and (B).

## I.    SCOPE OF AGREEMENT

The parties to this Plea Agreement are the United States of America and MITCHELL

GARSHOFSKY (the Defendant).  This Plea Agreement binds the Defendant and the United States

Attorney's Office for the District of Nevada.  It does not bind any other prosecuting, administrative,

or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced

in the Plea Agreement and applicable sentences, fines, restitution and forfeiture.  It does not control

or prohibit the United States or any agency or third party from seeking any other civil or

administrative remedies directly or indirectly against the Defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.   <u>Guilty Plea</u>.  The Defendant knowingly and voluntarily agrees to plead guilty to a Criminal Information, charging the defendant with:

1.   <u>Count One:</u>   *Operating an Illegal Gambling Business,* in violation of Title 18, United States Code, Section 1955.

The Defendant also agrees to the forfeiture of the property set forth in this Plea Agreement and in the Forfeiture Allegations of the Information.

B.   <u>Waiver of Trial Rights</u>.  The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States.  Specifically, the Defendant is giving up:

1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant and the United States both agree;

2.   The right to confront the witnesses against the Defendant at such a trial, and to cross-examine them;

3.   The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.   The right to testify in his own defense at such a trial if he so chooses;

5.   The right to compel witnesses to appear at such a trial and testify in the Defendant's behalf; and

6.   The right to have the assistance of an attorney at all stages of such proceedings.

C.   <u>Withdrawal of Guilty Plea</u>.  The Defendant will not seek to withdraw his guilty pleas after he has entered them in court.

1        D.     <u>Additional Charges</u>. The United States agrees not to bring any additional charges

2 against the Defendant arising out of the investigation in the District of Nevada which culminated in

3 this Plea Agreement and based on conduct known to the United States, except that the United States

4 reserves the right to prosecute the Defendant for any crime of violence as defined by 18 U.S.C. § 16.

5 **III.**     **ELEMENTS OF THE OFFENSES**

6        <u>Count One</u>: The essential elements of the crime of *Operating an Illegal Gambling Business,*

7 in violation of Title 18, United States Code, Section 1955, are:

8       1.   The defendant, Mitchell Garshofsky, conducted, financed, and directed a business

9          consistent of with bookmaking and off-shore gambling;

10       2.   The bookmaking is illegal in the State of Nevada, and off-shore gambling is illegal in the

11          State of Nevada and under the laws of the United States;

12       3.   The business involved five or more persons who conducted or financed all or part of the

13          business; and

14       4.   The business had been in substantially continuous operation by five or more persons for

15          more than thirty days, and had gross revenue of more than $2,000.00 in any single day.

16 *See* Ninth Cir. Manual of Model Jury Instr., Criminal § 8.145 (2010 ed.)(modified).

17 **IV.**     **FACTS SUPPORTING GUILTY PLEA**

18        A.     The Defendant will plead guilty because he is, in fact and under the law, guilty of the

19 crimes charged.

20        B.     The Defendant acknowledges that if he elected to go to trial instead of pleading

21 guilty, the United States could prove his guilt beyond a reasonable doubt and establish its right to

22 forfeit the items listed in the forfeiture allegation of the criminal information and as alleged in the

23 plea agreement herein.

24        The Defendant further acknowledges that his admissions and declarations of fact set forth

1    below satisfy every element of the charged offenses.

2        C.    The Defendant waives any potential future claim that the facts he admitted in this

3    Plea Agreement were insufficient to satisfy the elements of the charged offenses.

4        D.    The Defendant admits and declares under penalty of perjury that the facts set forth

5    below are true and correct:

6        In 2012, Nevada Gaming Control Board (NGCB) Agents met with IRS-CI Special Agents

7    concerning an on-going investigation.  NGCB Agents provided IRS-CI Agents with information

8    concerning MITCHELL GARSHOFSKY (hereinafter "the defendant" or "Garshofsky").  A review

9    of financial activity and gaming records revealed that the defendant was a known associate of

10   another target of the investigation identified as Aaron Virchis (hereinafter "Virchis").  The financial

11   activity and gaming records reviewed also revealed that Garshofsky and Virchis were conducting

12   unusual cash and chip transactions at casinos located in Las Vegas, Nevada.  Based on Garshofsky's

13   and Virchis' transactions, search warrants were obtained for both of their personal residences.

14   While taking Garshofsky into custody at his residence, agents observed numerous televisions and

15   electronic devices that were consistent with an illegal bookmaking operation, as well as off-shore

16   betting.  Several of those items were seized and forensically evaluated.  The forensic review

17   revealed that Garshofsky in support of an illegal bookmaking operation, as well as off-shore betting,

18   regularly engaged in the transmission of wagering information for bets and wagers on of sporting

19   events or contests, and engaged in the use of wire communications to receive money or credit as a

20   result of those bets or wagers.  Specifically, Garshofsky regularly communicated with and sent

21   money to known off-shore betting organizations, including Pinnacle and BetCris.  The investigation

22   also revealed that Garshofsky's wire communications with Pinnacle and BetCris had been occurring

23   since at least early 2012.   Garshofsky's bookmaking business is illegal in the State of Nevada, and

24   his off-shore gambling is illegal in the State of Nevada and under the laws of the United States

4

The defendant admits that he conducted, financed, or directed his illegal bookmaking and off-shore betting business, and the business involved five or more people. The defendant also admits that the gross revenue of his illegal bookmaking and off-shore betting business exceeded $2,000.00 in any single day.

## V.   COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the Defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the Defendant's behalf. The Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.    Discretionary Nature of Sentencing Guidelines. The Defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the Defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.    Offense Level Calculations. The parties stipulate to the following calculation of the Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

    1.    Count One: *Operating an Illegal Gambling Business,* in violation of Title 18, United States Code, Section 1955:

| | | |
|---|---|---|
| Base Offense Level, USSG § 2E3.1: | | 12 |

Enhancements:
    None

Reductions:
    If applicable, a reduction for acceptance of
    Responsibility, USSG § 3E1.1
    (*see subsection C. below*):          -2

Adjusted Offense Level:          <u>10</u>

The Defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the Defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

    C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under USSG §3E1.1(a), the United States will recommend that the Defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

    Under USSG §3E1.1, the United States will not move for an additional one-level downward adjustment for acceptance of responsibility because his offense level is less than 16.

    These Sentencing Guidelines provisions, if applied, will result in a total offense level of 10.

    D.    <u>Criminal History Category</u>.  The Defendant acknowledges that the Court may base

1    his sentence in part on the Defendant's criminal record or criminal history.  The Court will

2    determine the Defendant's Criminal History Category under the Sentencing Guidelines.

3         E.    <u>Relevant Conduct</u>.  The Court may consider any counts dismissed under this Plea

4    Agreement and all other relevant conduct, whether charged or uncharged, in determining the

5    applicable Sentencing Guidelines range and whether to depart from that range.

6         F.    <u>Additional Sentencing Information</u>.  The stipulated Sentencing Guidelines

7    calculations are based on information now known to the parties.  The parties may provide additional

8    information to the United States Probation Office and the Court regarding the nature, scope, and

9    extent of the Defendant's criminal conduct and any aggravating or mitigating facts or circumstances.

10   Good faith efforts to provide truthful information or to correct factual misstatements shall not be

11   grounds for the Defendant to withdraw his guilty plea.

12       The Defendant acknowledges that the United States Probation Office may calculate the

13   Sentencing Guidelines differently and may rely on additional information it obtains through its

14   investigation.  The Defendant also acknowledges that the Court may rely on this and other additional

15   information as it calculates the Sentencing Guidelines range and makes other sentencing

16   determinations, and the Court's reliance on such information shall not be grounds for the Defendant

17   to withdraw his guilty plea.

18   **VII.    APPLICATION OF SENTENCING STATUTES**

19       A. <u>Maximum Penalty</u>.  The maximum penalty for violating Title 18, United States Code,

20   Section 1955, *Operating an Illegal Gambling Business*, is a fine not more than $250,000, a term of

21   imprisonment not to exceed five years, or both.  In addition, the Defendant is subject to supervised

22   release for a term not to exceed three (3) years.

23        B.    <u>Factors Under 18 U.S.C. § 3553</u>.  The Court must consider the factors set forth in 18

24   U.S.C. § 3553(a) in determining the Defendant's sentence.  However, the statutory maximum

1    sentence and any statutory minimum sentence limit the Court's discretion in determining the

2    Defendant's sentence.

3           C.    Parole Abolished.  The Defendant acknowledges that his prison sentence cannot be

4    shortened by early release on parole because parole has been abolished.

5           D.    Supervised Release.  In addition to imprisonment and a fine, the Defendant will be

6    subject to a term of supervised release not to exceed five years.  18 U.S.C. § 3583(b).  Supervised

7    release is a period of time after release from prison during which the Defendant will be subject to

8    various restrictions and requirements.  If the Defendant violates any condition of supervised release,

9    the Court may order the Defendant's return to prison for all or part of the term of supervised release,

10   which could result in the Defendant serving a total term of imprisonment greater than the statutory

11   maximum prison sentence of five (5) years.

12          E.    Special Assessment.  The Defendant will pay a $100.00 special assessment per count

13   of conviction at the time of sentencing.

14   **VIII.  POSITIONS REGARDING SENTENCE**

15          The United States will seek a sentence within the applicable sentencing guideline range.  The

16   defendant acknowledges that the Court does not have to follow that recommendation.  The

17   defendant may request a sentence below the Sentencing Guidelines range as calculated in this Plea

18   Agreement, and may seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG §

19   4A1.3(b)(1) from any sentence the Court may impose.  If the Sentencing Guidelines are calculated

20   as anticipated in this plea agreement, resulting guidelines will fall within Zone B of the sentencing

21   guidelines, which allows for the minimum term of a sentence to be satisfied in one of three ways.

22   *See generally* USSG § 5C1.1(c).

23          This Plea Agreement does not require the United States to file any pre- or post-sentence

24   downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35.  The United States

1    reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction

2    litigation.

3    **VIII.   FORFEITURE**

4         The Defendant knowingly and voluntarily:

5         A.       Agrees to the abandonment, the civil administrative forfeiture, the civil judicial

6    forfeiture, or the criminal forfeiture of the following items: $244,108.88 in U.S. currency

7    ("property"). Specifically, the Internal Revenue Service Criminal Investigations Division (IRS-CID)

8    will retain $65,245.00 and return $20,000.00 in gaming chips[1] which were impounded as evidence,

9    and the United States Secret Service will retain $178,863.88 and return $20,000.00, for a total of

10   $244,108.88 in forfeited property and a total of $40,000.00 in returned property. The United States

11   agrees to return the any remaining seized funds, currency, or other assets seized during the course of

12   this investigation to the defendant at the conclusion of all proceedings related to this case;

13        B.       Abandons or forfeits the property to the United States;

14        C.       Relinquishes all right, title, and interest in the property;

15        D.       Waives his right to any abandonment proceedings, any civil administrative forfeiture

16   proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the

17   property ("proceedings");

18        E.       Waives service of process of any and all documents filed in this action or any

19   proceedings concerning the property arising from the facts and circumstances of this case;

20        F.       Waives any further notice to him, his agents, or his attorney regarding the

21   abandonment or the forfeiture and disposition of the property;

22        G.       Agrees not to file any claim, answer, petition, or other documents in any proceedings

23   concerning the property;

24

---

[1] The parties agree that the gaming chips will be returned to the defendant upon entry of plea.

H.      Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any proceedings concerning the property;

I.      Waives his right to a jury trial on the forfeiture of the property;

J.      Waives all constitutional, legal, and equitable defenses to the forfeiture or abandonment of the property in any proceedings, including but not limited to (1) constitutional or statutory double jeopardy defenses; and (2) defenses under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

K.      Agrees to the entry of an Order of Forfeiture of the property to the United States;

L.      Agrees that forfeiture is immediately due and payable and subject to immediate collection by the United States;

M.      Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to the abandonment or the forfeiture; and

N.      The Defendant acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than, the amount of restitution.

## IX.    FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the Defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay.  The Defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

1    **X.    THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

2         A.    <u>Plea Agreement and Decision to Plead Guilty</u>.  The Defendant acknowledges that:

3              (1)    He has read this Plea Agreement and understands its terms and conditions;

4              (2)    He has had adequate time to discuss this case, the evidence, and this Plea

5    Agreement with his attorney;

6              (3)    He has discussed the terms of this Plea Agreement with his attorney;

7              (4)    The representations contained in this Plea Agreement are true and correct,

8    including the facts set forth in Section IV; and

9              (5)    He was not under the influence of any alcohol, drug, or medicine that would

10   impair his ability to understand the Agreement when he considered signing this Plea Agreement and

11   when he signed it.

12        The Defendant understands that he alone decides whether to plead guilty or go to trial, and

13   acknowledges that he has decided to enter his guilty plea knowing of the charges brought against

14   him, his possible defenses, and the benefits and possible detriments of proceeding to trial.  The

15   Defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or

16   threatened him to enter into this Plea Agreement.

17        B.    <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The Defendant knowingly and

18   expressly waives: (a) the right to appeal any sentence imposed within or below the applicable

19   Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which

20   the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to

21   appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

22   . . .

23   . . .

24   . . .

1    The Defendant also knowingly and expressly waives all collateral challenges, including any

2    claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court

3    adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of

4    counsel.

5    The Defendant reserves only the right to appeal any portion of the sentence that is an upward

6    departure from the Sentencing Guidelines range determined by the Court.

7    The Defendant acknowledges that the United States is not obligated or required to preserve

8    any evidence obtained in the investigation of this case.

9    C.    Removal/Deportation Consequences.  The Defendant understands and acknowledges

10   that if he is not a United States citizen, then it is highly probable that he will be permanently

11   removed (deported) from the United States as a consequence of pleading guilty under the terms of

12   this Plea Agreement.  The Defendant has also been advised if his conviction is for an offense

13   described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and

14   will not be allowed to return to the United States at any time in the future.  The Defendant desires to

15   plead guilty regardless of any immigration consequences that may result from his guilty plea, even if

16   the consequence is automatic removal from the United States with no possibility of returning.  The

17   Defendant acknowledges that he has specifically discussed these removal/deportation consequences

18   with his attorney.

19   **XII.    ADDITIONAL ACKNOWLEDGMENTS**

20   This Plea Agreement resulted from an arms-length negotiation in which both parties

21   bargained for and received valuable benefits in exchange for valuable concessions.  It constitutes the

22   entire agreement negotiated and agreed to by the parties.  No promises, agreements or conditions

23   other than those set forth in this agreement have been made or implied by the Defendant, the

24   Defendant's attorney, or the United States, and no additional promises, agreements or conditions

12

1    shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the

2    record before the Court.

3                                                  DANIEL G. BOGDEN,
                                                   United States Attorney
4

5    DATE 8/12/14
                                                   CRISTINA D. SILVA
6                                                  Assistant United States Attorney

7    DATE 3/12/14

8                                                  RICHARD WRIGHT, ESQ.
                                                   Counsel for Defendant GARSHOFSKY
9

10   DATE 3/12/14

                                                   MITCHELL GARSHOFSKY
11                                                 Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24