FILED

APR 02 2014

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   CRISTINA SILVA
3  Assistant United States Attorney
   Lloyd D. George United States Courthouse
4  333 Las Vegas Boulevard South, Suite 5000
   Las Vegas, Nevada 89101
5  Telephone: (702) 388-6336
   Facsimile: (702) 388-6787
6  Counsel for Plaintiff

7

8

9

10                    **UNITED STATES DISTRICT COURT**

11                        **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,            )
                                         )
13              Plaintiff,               )
                                         )
14        v.                             )   2: 14-cr-097- JAD
                                         )
15  MITCHELL GARSHOFSKY,                 )
                                         )
16              Defendant.               )

17  **SETTLEMENT AGREEMENT FOR ENTRY OF ORDER OF FORFEITURE AS TO**
                 **MITCHELL GARSHOFSKY AND ORDER**
18

19       The United States of America, by and through Daniel G. Bogden, United States Attorney for

20  the District of Nevada, and CRISTINA SILVA, Assistant United States Attorney, and MITCHELL

21  GARSHOFSKY, and his counsel, RICHARD A. WRIGHT, agree as follows.

22       1.  On March 13, 2014, the United States of America ("United States") filed a One Count

23  Information against MITCHELL GARSHOFSKY for violations of Title 18, United States Code,

24  Section 1955. Information, ECF No. __.

25       2.  On April 2, 2014, MITCHELL GARSHOFSKY will plead guilty to Count One of a One-

26  Count Criminal Information charging him with Operating an Illegal Gambling Business in violation of

1   Title 18, United States Code, Section 1955 and has agreed to the forfeiture of property set forth in the

2   Plea Agreement and the Forfeiture Allegations of the Criminal Information. Information, ECF No. __;

3   Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

4       3.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to the abandonment, the

5   civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following

6   property: $244,108.88 in U.S. currency ("property").   Specifically, the Internal Revenue Service

7   Criminal Investigations Division (IRS-CID) will retain $65,245.00 and return $20,000.00 in gaming

8   chips[1] which were impounded as evidence, and the United States Secret Service will retain

9   $178,863.88 and return $20,000.00, for a total of $244,108.88 in forfeited property and a total of

10  $40,000.00 in returned property.   The United States agrees to return the any remaining seized funds,

11  currency, or other assets seized during the course of this investigation to the defendant at the

12  conclusion of all proceedings related to this case.

13      4.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to abandon or to forfeit the

14  property to the United States.

15      5.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to relinquish all right, title,

16  and interest in the property.

17      6.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to waive his right to any

18  abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture

19  proceedings, or any criminal forfeiture proceedings (all of which constitutes "proceedings") of the

20  property.

21      7.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to waive service of process

22  of any and all documents filed in this action or any proceedings concerning the property.

23      8.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to waive any further notice

24  to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

25  _____

26  [1] The parties agree that the gaming chips will be returned upon entry of plea, or, on or before March 31, 2014, whichever is sooner.

2

. . .

9.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property

12.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

13.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

14.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to the entry of the Final Order of Forfeiture of the property to the United States.

15.   MITCHELL GARSHOFSKY understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed in addition to forfeiture.

16.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Order of Forfeiture as to MITCHELL GARSHOFSKY and Order ("Settlement Agreement").

17. MITCHELL GARSHOFSKY knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Department of Homeland Security, the United States Internal Revenue Service, the United States Secret Service, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

18. MITCHELL GARSHOFSKY knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Department of the United States Treasury, the Department of Homeland Security, the United States Internal Revenue Service, the United States Secret Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that MITCHELL GARSHOFSKY now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. MITCHELL GARSHOFSKY knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment

4

1   to be made pursuant to this Settlement Agreement, they will receive a notification from the

2   Department of the United States Treasury at the last address provided by them to the governmental

3   agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject

4   to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this

5   Settlement Agreement do not affect the tax obligations fines, penalties, or any other monetary

6   obligations **owed** to the United States or an individual state; and (e) the exact sum delivered to

7   RICHARD A. WRIGHT, on behalf of him, may well be a lesser sum, if the Treasury Offset Program

8   reduces the amount in satisfaction of a debt obligation.

9       23.  After the property is forfeited in the criminal case with the Final Order of Forfeiture and

10  the United States District Court has signed the Settlement Agreement concerning the property, within

11  a practicable time thereafter for the United States, the United States agrees to release to MITCHELL

12  GARSHOFSKY one payment of **$20,000.00** less any debt owed to the United States, any agency of

13  the United States, or any debt in which the United States is authorized to collect, through RICHARD

14  A.  WRIGHT.   MITCHELL GARSHOFSKY knowingly and voluntarily agrees to fill out the

15  Department of the United States Treasury Automated Clearing House ("ACH") form accurately and

16  correctly and submit it to the United States Attorney's Office so that the payment of the money can be

17  disbursed by electronic fund transfer.  MITCHELL GARSHOFSKY knowingly and voluntarily agrees

18  the **$20,000.00** may be offset by any debt owed to the United States, any agency of the United States,

19  or any debt in which the United States is authorized to collect.

20      24.  The persons signing the Settlement Agreement warrant and represent that they have full

21  authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf

22  they are signing, to the terms of the Settlement Agreement.

23      25.  This Settlement Agreement shall be construed and interpreted according to federal

24  forfeiture law and federal common law.  The jurisdiction and the venue for any dispute related to,

25  and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States

26  District Court for the District of Nevada, located in Las Vegas, Nevada.

26. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

. . .

27. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: ___3/26/14___

WRIGHT, STANISH & WINCKLER

_____
RICHARD WRIGHT, ESQ.
Counsel for MITCHELL GARSHOFSKY

DATED: ___3/26/14___

_____
MITCHELL GARSHOFSKY

DATED: ___3/27/14___

DANIEL G. BOGDEN
United States Attorney

_____
CRISTINA SILVA
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: ___4/2/14___